DOUCET, Judge.
Plaintiffs filed suit seeking damages for the wrongful death of their daughter, and for injuries suffered by plaintiff, Roosevelt Joshua, Jr., as the result of a one-car accident. Made defendants therein were Clinton Fulton, the driver of the vehicle, and Uniroyal, Inc., the manufacturer of an allegedly defective tire. After trial on the merits, the district court dismissed plaintiff’s claim against defendant, Clinton Fulton, and rendered judgment in favor of plaintiff and against defendant, Uniroyal, Inc. Uniroyal has appealed.
Uniroyal’s sole assignment of error is that the trial court erred in finding that the Uniroyal tire failed because of a manufacturing defect. Defendant agrees that resolution of this issue against it renders it liable for the entirety of plaintiff’s damages.
On January 3, 1984, Roosevelt Joshua, Jr. and his four year old daughter, De’Lat-ria, stopped at Shiloh Baptist Church in Hamburg intending to fill some water jugs. Mr. Joshua parked his truck partially on the parking area in front of the church and partially on the shoulder of Louisiana Highway 1. The truck was facing north and was parked completely off the traveled portion of the highway. Mr. Joshua and De’Latria left the truck and began filling the jugs with water. At approximately 4:50 P.M., defendant, Clinton Fulton, was driving south on Highway 1 approaching the church. The weather was clear and this section of the two lane highway was straight and in very good condition. Several hundred feet north of the church, defendant’s vehicle suffered a blowout of the right front tire. Mr. Fulton lost control of the vehicle and it veered off the right side of the highway towards the area between Mr. Joshua’s truck and the church. The vehicle struck the open door of Mr. Joshua’s truck, then Mr. Joshua and De’Latria. De’Latria was thrown approximately sixty-four feet by the impact. After being rushed to a nearby hospital, attempts to save the child’s life failed and she was pronounced dead. Mr. Joshua received only minor injuries in the accident.
Defendant, Clinton Fulton, was ticketed for, and later pled guilty to, failure to *1134 maintain control of his vehicle, and speeding 70 mph in a 55 mph zone. The trial court, however, found that Fulton’s actions were not the legal cause of Mr. Joshua’s injuries or De’Latria’s death. This issue is not before us on appeal.
Plaintiffs presented George Pappas as an expert in the field of tire failure analysis and he was so qualified by the trial court. In its brief on appeal, defendant questions the expertise of Mr. Pappas. Mr. Pappas received a degree in chemical engineering in 1933. He worked in a textile finishing plant, and for twenty-three years worked for a testing laboratory where he analyzed the failure of tires, hoses and other rubber products. He testified that he has performed approximately one hundred analyses of tire failures since 1980 and formed a company for, among other reasons, that particular purpose. Mr. Pap-pas has admittedly not attended any special schools on tire failure analysis. Our review of the qualification of an expert witness by a trial court is limited to determining if the qualification was manifestly erroneous. Richardson v. Continental Ins. Co., 468 So.2d 675 (La.App. 3rd Cir.1985), writ denied, 474 So.2d 1304 (La.1985). We do not find any manifest error in the court’s qualification of Mr. Pappas as an expert in the field of tire failure analysis.
The tire which blew out was in good condition and had approximately 15,000 more miles of useful life. Mr. Pappas examined the tire and rim and determined that portions of the thread rubber had not properly adhered to the underlying steel belts and polyester inner plies of the tire. He stated that this condition caused the rubber thread to flex and break, resulting in the full width of the thread peeling back off the tire approximately thirty inches. Simultaneously, he said, the underlying steel belts and polyester inner plies flexed, resulting in a blowout of the tire. Mr. Pappas also found that there was improper adhesion between the underlying belts and inner plies. He opined that the improper adhesion was a defect which was present when the tire left the factory of the defendant, Uniroyal. He further stated that the tire failure was not due to an impact.
Richard Harrison, defendant’s witness, was qualified by the trial court as an expert in the field of tire failure analysis. Mr. Harrison received a bachelor’s degree in physics and a master’s degree in engineering. He concentrated in the area of industrial textiles while working on his master’s degree. Mr. Harrison is employed by Uniroyal as a manager of tire reliability. After examining the tire, Mr. Harrison determined that it could only have failed as the result of a severe impact. His conclusion was based on the strength of the two steel belts in the tire and the condition of the tire and rim. He stated that, with an automobile traveling from sixty to seventy miles per hour, a similar tire striking a four inch by four inch piece of wood in a roadway would rupture in a manner as occurred in the instant case. He also stated that the faster an automobile was traveling, the smaller the object in the roadway would have to be in order to rupture the tire upon impact.
The defendant, Clinton Fulton, testified that he was traveling approximately sixty-five miles per hour and did not see any potholes in, or foreign objects on, the highway. Trooper Geoffrey Bordelon arrived at the scene shortly after the accident. He traced the path of Mr. Fulton’s vehicle back to location of the blowout and found pieces of rubber and steel belt in the general area. He did not find any defects in, or foreign objects on, the highway even when he went an additional fifty to sixty feet north of the point of the blowout. He was assisted in this search by another state trooper. Trooper Bordelon determined that, giving him the benefit of any doubt, Mr. Fulton was traveling seventy miles per hour at the time of the blowout.
Gene Moody was qualified by the court as an expert in the field of accident reconstruction. He was retained by the plaintiffs the day before trial, some twenty-one months after the accident. Mr. Moody examined the accident report and the police photographs of the scene. He also went to *1135 the scene, took some additional measurements, and concluded that Mr. Fulton was traveling approximately sixty-five, or no more than seventy, miles per hour when the blowout occurred.
From this evidence the trial judge concluded that the tire was defective at the time it left the manufacturer, Uniroyal; the tire was in normal use at the time of the blowout; the defect in the tire was the sole cause of the blowout and resulting injuries of Mr. Joshua and De’Latria; and that the blowout and injuries suffered might reasonably have been anticipated by the manufacturer.
The applicable standard of appellate review of factual conclusions reached by a trial judge, was set out by the Supreme Court in Canter v. Koehring, 283 So.2d 716 (La.1973) as follows:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
After a review of the evidence, including the testimony of both expert witnesses, we find no manifest error in the trial court’s factual conclusion that the tire was defective when it left the factory of the defendant, Uniroyal, and that the defect was the legal cause of the blowout. In so finding, we note the complete lack of evidence as to any defect in, or foreign object on, the highway which may have caused the tire to rupture in an impact as contended by defendant.
DECREE
For the reasons assigned, we affirm the judgment of the trial court. Costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.